

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Christopher Stoller, <br> A disabled person, <br>        Plaintiffs/Appellant <br><br> v. <br><br> Walworth County, Valerie Etzel, Walworth County Treasurer, Randy Timms, District 1, Walworth County Supervisor, William Norem, District 2, Walworth County Supervisor, Tim Brellenthin, District 3, Walworth County Supervisor, Paul Yvarra, District 4, Walworth County Supervisor, Charlene Staples, District 5, Walworth County Supervisor, Kathy Ingersoll, District 6, Walworth County Treasurer, David Weber, District 7, Walworth County Supervisor, Daniel G. Kilkenny, District 8, Walworth County Supervisor, Susan M. Pruessing, District 9, Walworth County Supervisor, Kenneth H. Monroe, District 10, Walworth County Supervisor, and Nancy Russell, District 11, Walworth County Supervisor, Defendants John Doe 1-X <br><br>        Defendants/Appellees | Appeal from <br> Judge J.P. Stadtmuller <br> Eastern District of <br> Wisconsin (Milwaukee) <br> Decision Dated <br> 3/30/2018 <br> Doc 7 & 8 |

## NOTICE OF APPEAL

PLEASE NOTICE that the Plaintiff, Christopher Stoller filed the attached notice of appeal of Judge J.P. Stadtmuller's final judgment dated 03-30-2018 (Doc.7&8), with the clerk of the court

Respectfully submitted,

/s/Christopher Stoller E.D.
415 Wesley #1
Oak Park, IL 60303
(773) 746-3163
cns40@hotmail.com

U.S.C.A. – 7th Circuit
R E C E I V E D

APR 0 5 2018 ME

GINO J. AGNELLO
CLERK

## CERTIFICATE OF SERVICE

I certify that the foregoing was served upon the following parties via first class mail on April 3, 2018

Walworth County, Valerie Etzel, Walworth County Treasurer, Randy Timms, District 1, Walworth County Supervisor, William Norem, District 2, Walworth County Supervisor, Tim Brellenthin, District 3, Walworth County Supervisor, Paul Yvarra, District 4, Walworth County Supervisor, Charlene Staples, District 5, Walworth County Supervisor, Kathy Ingersoll, District 6, Walworth County Treasurer, David Weber, District 7, Walworth County Supervisor, Daniel G. Kilkenny, District 8, Walworth County Supervisor, Susan M. Pruessing, District 9, Walworth County Supervisor, Kenneth H. Monroe, District 10, Walworth County Supervisor, and Nancy Russell, District 11, Walworth County Supervisor,

Walworth County
100 W. Walworth
P.O. Box 1001
Elkhorn Wi
53121

**Clerk of the Court**

**US Federal District Court**

**517 E Wisconsin Ave,**

**Milwaukee, WI 53202**

_____
Christopher Stoller

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Christopher Stoller,<br>A disabled person,<br><br>                    Plaintiffs/Appellant<br><br>v.<br><br>Walworth County, Valerie Etzel, Walworth County Treasurer, Randy Timms, District 1, Walworth County Supervisor, William Norem, District 2, Walworth County Supervisor, Tim Brellenthin, District 3, Walworth County Supervisor, Paul Yvarra, District 4, Walworth County Supervisor, Charlene Staples, District 5, Walworth County Supervisor, Kathy Ingersoll, District 6, Walworth County Treasurer, David Weber, District 7, Walworth County Supervisor, Daniel G. Kilkenny, District 8, Walworth County Supervisor, Susan M. Pruessing, District 9, Walworth County Supervisor, Kenneth H. Monroe, District 10, Walworth County Supervisor, and Nancy Russell, District 11, Walworth County Supervisor, Defendants John Doe 1-X<br><br>                    Defendants/Appellees | Appeal from<br>Judge J.P. Stadtmuller<br>Eastern District of<br>Wisconsin (Milwaukee)<br>Decision Dated<br>3/30/2018<br>Doc 7 & 8 |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff Christopher Stoller in the above named case hereby appeals to the United States Court of Appeals for the Seventh Circuit from the final Judgment entered in this action on March 30, 2018 (Doc 7&8) marked as Exhibit 1 attached hereto and made a part hereof.

3

Respectfully submitted,

/s/Christopher Stoller E.D.
415 Wesley #1
Oak Park, IL 60303
(773) 746-3163
cns40@hotmail.com

4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL STOLLER and
CHRISTOPHER STOLLER,

        Plaintiffs,

v.

WALWORTH COUNTY, VALERIE
ETZEL, RANDY TIMMS, WILLIAM
NOREM, TIM BRELLENTHIN, PAUL
YVARRA, CHARLENE STAPLES,
KATHY INGERSOLL, DAVID WEBER,
DANIEL G. KILKENNY, SUSAN M.
PRUESSING, KENNETH H. MONROE,
NANCY RUSSELL, and JOHN DOE,

        Defendants.

Case No. 17-CV-1349-JPS

ORDER

## I. INTRODUCTION

The plaintiffs, Michael and Christopher Stoller, filed a *pro se* complaint alleging that the defendants, Walworth County and various public officials in that county, have engaged in a "devious scheme" to "unlawfully sell tax delinquent real estate" for a profit. (Docket #1 at 1). This matter comes before the Court on the plaintiffs' petition to proceed *in forma pauperis*. (Docket #2).

Notwithstanding the payment of any filing fee, the Court must dismiss an action filed *in forma pauperis* if the Court determines that the plaintiff's allegation of poverty is untrue, *see* 28 U.S.C. § 1915(e)(2)(A), or if the action is "frivolous or malicious," fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B).

As explained below, the plaintiffs' complaint fails to state a claim and will therefore be dismissed pursuant to Section 1915(e)(2)(B).

## II. STANDARD OF REVIEW

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter that, accepted as true, "is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## III. COMPLAINT ALLEGATIONS

Mindful of its responsibility to construe *pro se* pleadings liberally, *see Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006), the Court will endeavor to describe the facts alleged in the plaintiffs' Complaint and identify any plausible claims based thereon.

The plaintiffs both live in Cook County, Illinois, but own property in Walworth County, Wisconsin. (Docket #1 at 6, 16). The thrust of the plaintiffs' Complaint is that Walworth County and the named county officials have engaged in a practice whereby they sell tax-delinquent property based on "sham" appraisals, as opposed to "legitimate" appraisals that meet the standards of the Uniform Standards of Professional Appraisal Practice, in order to "recover inflated market values, in direct competition with private real estate sellers." *Id.* at 4.

This became relevant to the plaintiffs in August 2017 when they received a letter from defendant Valerie Etzel ("Etzel"), the Walworth County treasurer, informing them that Walworth County took possession

Page 3 of 11
Case 2:17-cv-01349-JPS  Filed 03/30/18  Page 3 of 11  Document 7
Case 2:17-cv-01349-JPS  Filed 04/09/18  Page 7 of 15  Document 9

of a tax-delinquent parcel of land bordering the plaintiffs' property. *Id.* at 16. According to the plaintiffs, the parcel is "unbuildable" and therefore only has value to the plaintiffs as adjacent landowners. *Id.* The plaintiffs believe the value of the parcel is $2,500, though they do not say how they arrived at that figure. *Id.* The county appraised the parcel at $11,400. *Id.* The delinquent real estate taxes on the parcel were about $2,700. *Id.* The plaintiffs made a bid on the parcel for $2,500. *Id.* at 17. Walworth County rejected the bid on the ground that it was below the appraised value. *Id.* According to the plaintiffs, the appraisal for this parcel, as well as every other property listed on the 2017 Walworth County tax foreclosure list, was a "sham." *Id.* at 17–18.

On these allegations, the plaintiffs seek to bring several claims: (1) violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"), (2) conspiracy to violate RICO, (3) unfair competition, (4) unjust enrichment, (5) committing a violation against elderly and disabled persons in violation of Wis. Stat. § 100.264, (6) making fraudulent representations in violation of Wis. Stat. § 100.18, (7) breach of fiduciary duty, and (8) "conspiracy, aiding and abetting." *Id.* at 19–39.

In support of their RICO claims, the plaintiffs allege that the defendants operated as an enterprise to affect interstate commerce through a "scheme to fraudulently, systematically and uniformly produce [] phony, manipulated or inflated 'appraisals' of properties, which were performed with indifference towards the appraisals' accuracy, current market value, in connection with the advertising and sale of its delinquent properties[.]" *Id.* at 20. The pattern of racketeering, they say, involved predicate acts of fraud conducted by mail and wire. *Id.* at 19–20.

Page 4 of 11
Case 2:17-cv-01349-JPS   Filed 03/30/18   Page 4 of 11   Document 7
Case 2:17-cv-01349-JPS   Filed 04/09/18   Page 8 of 15   Document 9

The named defendants are Walworth County and members of the Walworth County Board of Supervisors. *Id.* at 6-12. The plaintiffs also seek to sue John Doe defendants who are Walworth County employees, agents, or attorneys who aided and abetted the defendants. *Id.* at 12. Apart from Etzel, the county treasurer, sending a notice of the sale of the parcel adjacent to the plaintiffs' property, the plaintiffs do not allege any specific conduct or acts undertaken by the named defendants.

IV. **ANALYSIS**

The Court's analysis begins (and, as discussed below, largely ends) with the plaintiffs' attempt to allege a civil RICO claim.

Congress enacted RICO "in an effort to combat organized, long-term criminal activity." *Jennings v. Auto Meter Prod., Inc.*, 495 F.3d 466, 472 (7th Cir. 2007). RICO makes it a crime to invest income derived from a pattern of racketeering activity in an enterprise "which is engaged in, or the activities of which affect, interstate or foreign commerce," 18 U.S.C. § 1962(a); to acquire or maintain an interest in an enterprise through a pattern of racketeering activity, § 1962(b); to conduct an enterprise's affairs through a pattern of racketeering activity, § 1962(c); and to conspire to violate any of the other three prohibitions, § 1962(d). "Racketeering activity" is defined to include a host of state and federal offenses, called "predicate acts," including mail and wire fraud. *See* 18 U.S.C. § 1961(1); *see also Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 481–82 (1985).

RICO also provides a civil cause of action for "[a]ny person injured in his business or property by reason of a violation" of the prohibitions in Section 1962. *Id.* § 1964(c). To proceed on a civil RICO cause of action under Section 1964(c), a plaintiff must plead "(1) an injury in its business or property (2) by reason of (3) the defendants' violation of section 1962."

*DeGuelle v. Camilli*, 664 F.3d 192, 198 (7th Cir. 2011). The civil RICO provision has a limited reach and was "never intended to allow plaintiffs to turn garden-variety state law fraud claims into federal RICO actions." *Jennings*, 495 F.3d at 472. The plaintiffs' attempt to state a civil RICO claim fails for several reasons.

First, none of the predicate acts the plaintiffs allege—including fraud conducted by mail, *see* 18 U.S.C. § 1341, and wire, *see* 18 U.S.C. § 1343—resulted in direct injury to the plaintiffs. The plaintiffs do not allege that *their* "business or property" was affected by the defendants' creation of "sham" appraisals for tax-delinquent property in Walworth County. The property the plaintiffs own in Walworth County was not tax-delinquent, and therefore was not subject to the sham-appraisal scheme the plaintiffs allege. At best, the plaintiffs have alleged harm to their prospect of buying additional property near theirs; but they do not allege that it is their business to buy and sell property in Walworth County. Indeed, the plaintiffs do not claim to be in the real estate business whatsoever.

Second, even if the plaintiffs could show some injury to their business or property, they have not sufficiently alleged predicate acts of fraud. *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1005 (7th Cir. 2004) (a civil RICO plaintiff must show that he was injured "by reason of" a violation of section 1962(c)). To state their RICO claim, which they say is premised on predicate acts of mail and wire fraud, the plaintiffs must allege the elements of mail or wire fraud: (1) the defendants' participation in a scheme to defraud; (2) the defendants' intent to defraud; and (3) the defendants' use of the mail or interstate wire in furtherance of the scheme to defraud. *See United States v. Britton*, 289 F.3d 976, 981 (7th Cir. 2002) (elements of mail fraud); *United States v. Turner*, 551 F.3d 657, 664 (7th Cir.

Page 6 of 11
Case 2:17-cv-01349-JPS   Filed 03/30/18   Page 6 of 11   Document 7
Case 2:17-cv-01349-JPS   Filed 04/09/18   Page 10 of 15   Document 9

2008) (elements of wire fraud). The words "to defraud" mean "wronging one in his property rights by dishonest methods or schemes" and "usually signify the deprivation of something of value by trick, deceit, chicane or overreaching." *Corley*, 388 F.3d at 1005 (quotation omitted).

The plaintiffs are adamant that Walworth County is wrong to appraise tax-delinquent properties in a way that does not meet the standards of the Uniform Standards of Professional Appraisal Practice. But they concede that the sale by a county of tax-delinquent real estate is governed by Wisconsin Statutes section 75.69, *see* (Docket #1 at 2, 17), which does not require that counties follow the standards of the Uniform Standards of Professional Appraisal Practice. Section 75.69 provides that "no tax delinquent real estate acquired by a county may be sold unless the sale and appraised value of such real estate has first been advertised by publication of a class 3 notice" and "[a]ny county may accept the bid most advantageous to it but, at the first attempt to sell the property, every bid less than the appraised value of the property shall be rejected." Wis. Stat. § 75.69(1). "Appraised value" in that section is "the value determined, at the discretion of the county board, by the county board, a committee designated by the county board, or a certified appraiser[.]" *Id.*

The plaintiffs have not alleged that the defendants' appraisals are in contravention of the law governing such appraisals. Instead, they point to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), which provides that federal financial institutions regulatory agencies "shall prescribe appropriate standards for the performance of real estate appraisals in connection with federally related transactions under the jurisdiction of each such agency" and those rules shall require that "appraisals [] be subject to appropriate review for compliance with the
Page 7 of 11
Case 2:17-cv-01349-JPS   Filed 03/30/18   Page 7 of 11   Document 7
Case 2:17-cv-01349-JPS   Filed 04/09/18   Page 11 of 15   Document 9

Uniform Standards of Professional Appraisal Practice." 12 U.S.C. § 3339. This is of no help to the plaintiffs, because FIRREA applies to lending transactions with real property collateral that, among other things, involve the FDIC, National Credit Union Administration, Federal Reserve System, Office of the Comptroller of the Currency, Office of Thrift Supervision, or financial institutions regulated by these agencies. *See* 12 U.S.C.A. § 3350. In short, FIRREA's requirements do not apply to Walworth County's sale of tax-delinquent property as alleged in the Complaint. The plaintiffs clearly do not like the way Walworth County obtains its appraisals, but they have not alleged that Walworth County obtains them fraudulently.

Third, the plaintiffs have not alleged fraud with sufficient particularity. Allegations of fraud in a civil RICO complaint are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires a plaintiff to plead all averments of fraud with particularity. *See Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998). In other words, the complaint must describe the "who, what, when, where, and how" of the alleged fraud. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012). Here, the plaintiffs have made a bald assertion about the defendants' manufacture of false appraisals, but they say nothing about who specifically is involved in the sham appraisal process, how the sham appraisals are created, or any other particular details. Again, it is clear the plaintiffs believe Walworth County somehow arrived at an inflated appraisal for the tax-delinquent property the plaintiffs wanted to buy, but they allege little more than that. The plaintiffs have not met their burden to plead the underlying fraud with particularity.

For all of these reasons, the plaintiffs have failed to state a civil RICO claim. Then, because the plaintiffs failed to allege a violation of section

Page 8 of 11
Case 2:17-cv-01349-JPS Filed 03/30/18 Page 8 of 11 Document 7
Case 2:17-cv-01349-JPS Filed 04/09/18 Page 12 of 15 Document 9

1962(c), their RICO conspiracy claim under section 1962(d), based on the same allegations, must fail as well. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 677 (7th Cir. 2000). Both RICO claims will be dismissed. Having dismissed both of the plaintiffs' federal claims, the Court will decline to exercise supplemental jurisdiction over the plaintiffs' state law claims. 28 U.S.C. § 1367(c)(3).

## V. MOTION TO PROCEED *IN FORMA PAUPERIS*

At this stage of the litigation, the Court would ordinarily also consider whether the plaintiffs are entitled to proceed without prepayment of the filing fee, or *in forma pauperis*, based on a showing that they cannot afford to pay the fee. 28 U.S.C. §§ 1915(e)(2) (Dismissal of an action filed *in forma pauperis* is appropriate if the Court finds either that "the allegation of poverty is untrue" or the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief).

The plaintiffs have not equipped the Court with the necessary information to determine whether they have the ability to pay the filing fee. Their motion includes averments about Michael Stoller's income and assets, but not about Christopher Stoller's. (Docket #2). It is signed only by Michael Stoller. *Id.* at 2.

Because dismissal is appropriate for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), the Court need not decide whether the plaintiffs' allegation of poverty is untrue. The action will be dismissed and the motion to proceed *in forma pauperis* will be denied as moot.

## VI. CONCLUSION

For the reasons stated above, the plaintiffs' complaint fails to state a RICO claim upon which relief may be granted, and such federal claims

Page 9 of 11
Case 2:17-cv-01349-JPS Filed 03/30/18 Page 9 of 11 Document 7
Case 2:17-cv-01349-JPS Filed 04/09/18 Page 13 of 15 Document 9

must, therefore, be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, the Court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims. 28 U.S.C. § 1367(c)(3). Finally, the plaintiffs' motions to proceed without prepayment of the filing fee, to file electronically, and to have counsel appointed for them will be denied as moot.

Accordingly,

**IT IS ORDERED** that plaintiffs' complaint fails to state a claim for violation of RICO or conspiracy to violate RICO (Docket #1 at 19-27) and such federal law claims be and the same are hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that the Court, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over the state law claims raised in plaintiffs' complaint (Docket #1 at 27-39) and such state law claims be and the same are hereby **DISMISSED without prejudice;**

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED;**

**IT IS FURTHER ORDERED** that the plaintiffs' motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **DENIED as moot;**

**IT IS FURTHER ORDERED** that the plaintiffs' motion to file electronically (Docket #3) be and the same is hereby **DENIED as moot;** and

**IT IS FURTHER ORDERED** that the plaintiffs' motion for appointment of counsel (Docket #6) be and the same is hereby **DENIED as moot.**

The Clerk of Court is directed to enter judgment accordingly.

Page 10 of 11
Case 2:17-cv-01349-JPS Filed 03/30/18 Page 10 of 11 Document 7
Case 2:17-cv-01349-JPS Filed 04/09/18 Page 14 of 15 Document 9

Dated at Milwaukee, Wisconsin, this 30th day of March, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 11 of 11
Case 2:17-cv-01349-JPS Filed 03/30/18 Page 11 of 11 Document 7
Case 2:17-cv-01349-JPS Filed 04/09/18 Page 15 of 15 Document 9